■ CARLOS ROMAN, Appellant, v CITY EMPLOYEES UNION LOCAL 237 et al., Respondents, et al., Defendants. [753 NYS2d 48] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered March 6, 2000, which, inter alia, granted defendants' motion for permission to depose a certain individual and vacated plaintiff's note of issue pending the deposition, and order, same court (Luis Gonzalez, J.), entered on or about August 22, 2001, granting defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, with costs. Appeal from order, same court (George Friedman, J.), entered June 29, 1999, which granted defendants' motion to compel plaintiff to comply with their disclosure demands, and from order, same court (Luis Gonzalez, J.), entered on or about April 19, 2001, and from order, same court (Howard Silver, J.), entered on or about June 25, 2001, directing plaintiff to show cause why the complaint against defendants should not be dismissed, unanimously dismissed, without costs.

The allegations by plaintiff against defendant union clearly constitute a claim that he was improperly represented by such union, not one for breach of contract as plaintiff urges in opposing dismissal of his claim as time-barred. The expedient of characterizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period prescribed in CPLR 217 (2) (a) (see Dolce v Bayport-Blue Point Union Free School Dist., 286 AD2d 316).

Moreover, the motion court correctly concluded that, even if the six-year limitations period for contract actions had been applicable, plaintiff's action, commenced on November 23, 1994, would still have been time-barred, since his claim accrued no later than November 17, 1988, after the union had notified him of the New York City Housing Authority's refusal to reinstate him and its inability to be of further assistance to him (*see Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473, 474; *Kleinmann v Bach*, 195 AD2d 736, 738). We note in this connection that there is no merit to plaintiff's contention that the running of the statutory period was tolled pending completion of his CPLR article 78 proceeding against the Housing Authority (*see Obot v New York State Dept. of Correctional Servs.*, 256 AD2d 1089, 1090).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.