Gina WILLIAMS, Plaintiff–Appellant,

v.

NEW YORK CITY HOUSING AU-
THORITY, Teamsters Local 237/
I.B.T, Defendants–Appellees.

Docket No. 04–2531–CV.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 7, 2005.

Decided: July 19, 2006.

Gina Williams, New York, NY, pro se.

Ricardo Elias Morales, General Counsel, New York City Housing Authority (Steven J. Rappaport, Donna M. Murphy, on the brief), New York, N.Y. for Defendant NYCHA.

Barry J. Peek (Jordan Rossen, on the brief), New York, N.Y. for Defendant Union.

Before McLAUGHLIN, HALL, and GIBSON,* Circuit Judges.

PER CURIAM.

This case presents a unique factual situation that heretofore has been only a theoretical possibility: that an Equal Opportunity Employment Commission ("EEOC") complaint alleging retaliation can also contain enough factual allegations to put the agency on notice of a potential sex discrimination claim, even though that claim was not alleged formally on the EEOC form.

Gina Williams appeals a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *J.*) dated April 15, 2004, granting defendants' motions to dismiss Williams's Title VII claims against the New York City Housing Authority ("NYCHA") and breach of fair representation claims against the Teamsters Local 237 (the "Union").

We affirm the dismissal of all claims against the Union as untimely and certain retaliation claims against the NYCHA as time-barred. We vacate the dismissal of Williams's sex discrimination claim against the NYCHA and of those retaliation claims against the NYCHA that are not time-barred.

---

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I. Background

Gina Williams was employed by the NYCHA and was assigned as a heating plant technician to the South Jamaica House Development during the course of events that gave rise to this dispute. On August 14, 2001, she brought an action in New York state court alleging sex discrimination.

On March 28, 2003, Williams filed a complaint with the EEOC alleging that certain NYCHA employees had retaliated against her for filing the state claim. On the Charge of Discrimination form, the only box that was checked indicating a basis of discrimination was "Retaliation," and the particulars of the complaint catalogued the alleged retaliatory conduct. The complaint also included, however, allegations that: (1) Williams was "the only female [heating plant technician] located at South Jamaica Houses ... [and had] filed a discrimination complaint in New York State Supreme Court on August 14, 2001"; (2) a supervisor whom Williams had accused of sexually harassing her had been reinstalled as her supervisor; (3) a different supervisor had referred to Williams as "a man"; (4) she was given a "harsh, impossible assignment" that "was never giv[en] to the men"; and (5) she was deprived of private changing facilities and told she had to "change in the boiler room with [her] male co-workers."

On September 18, 2003, the EEOC issued a right to sue letter. On October 2, 2003, Williams filed a suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2000e–17 (2000). She charged the NYCHA with retaliation and, additionally, with discrimination based on sex. She claimed that the Union had breached its duty of fair representation. Both defendants moved to dismiss the complaint, the NYCHA pursuant to Fed.R.Civ.P. 12(b)(6), and the Union based on the untimeliness of the claim.

The district court dismissed the various claims in Williams's complaint on four grounds. First, the court dismissed Williams's gender discrimination claims against the NYCHA because she had failed to exhaust her administrative remedies. Second, it dismissed two claims of retaliation because the underlying conduct occurred more than 300 days prior to her filing with the EEOC and were thus time-barred. Third, it dismissed her remaining retaliation claims against the NYCHA because those allegations did not make out a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Fourth, it dismissed her state law claim against the Union for breach of its duty of fair representation because it was time-barred. This appeal followed.

## II. Discussion

■ We review *de novo* a dismissal for failure to state a claim. *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000). The following principles guide our review. Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency. 42 U.S.C. § 2000e–5 (2000). In addition, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a "Notice of Right to Sue" letter from the EEOC. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001); *Harris v. City of New York,* 186 F.3d 243, 247–48 (2d Cir.1999). Under New York state law, a claim against a union for violating the duty of fair representation is subject to a four-month statute of limitations. N.Y. C.P.L.R. § 217(2)(a); *see, e.g., Roman v. City Employees Local 237,* 300 A.D.2d 142, 753 N.Y.S.2d 48, 49 (1st Dept.2002) ("The expedient of charac-

terizing a claim for breach of the duty of fair representation as one for breach of contract is unavailing to avoid the four-month limitations period prescribed in CPLR 217(2)(a).").

 These principles provide a sufficient basis on which to affirm the district court's second and fourth grounds for dismissal. Two instances of retaliatory conduct that Williams alleges—one on May 13, 2002, and the other on May 22, 2002—are more than 300 days distant from her March 28, 2003, EEOC filing. Thus, the district court was correct that the retaliation claims based on those two instances are time-barred. The district court was also correct that Williams's claims against the Union for breach of duty of fair representation are similarly time-barred. She first brought this charge against the Union in her federal complaint, filed on October 2, 2003. A letter Williams wrote on March 3, 2003, to the Union voicing her dissatisfaction with it indicates that she was aware of her claim more than four months prior to the filing of her complaint.

 We now turn to the district court's remaining grounds of dismissal. First, in her gender discrimination claim against the NYCHA, Williams failed to exhaust her administrative remedies. Exhaustion is ordinarily "an essential element" of a Title VII claim. *Legnani*, 274 F.3d at 686. Claims not raised in an EEOC complaint, however, may be brought in federal court if they are "reasonably related" to the claim filed with the agency. *See Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993).

 This Circuit has recognized that "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir.2001) (internal quotation marks omitted).[1] In this inquiry, "the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir.2003) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir.2002)). The central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigate discrimination on both bases." *Id.* at 202. The "reasonably related" exception to the exhaustion requirement " 'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" *Id.* at 201 (quoting *Butts*, 990 F.2d at 1402) (alteration in original).

Some district courts in this Circuit have considered and rejected the argument that a charge of race or gender discrimination is "reasonably related" to an EEOC complaint formally alleging only retaliation. *See, e.g., Little v. NBC, Inc.*, 210 F.Supp.2d 330, 375 (S.D.N.Y.2002); *Gilani v. Nat'l Assn. of Sec. Dealers, Inc.*, 1997 WL 473383, at *5 (S.D.N.Y. Aug.19, 1997); *Walsh v. Nat'l Westminster Bancorp Inc.*, 921 F.Supp. 168, 172 (S.D.N.Y.1995).

---

1. Two other types of claims are considered "reasonably related" to a claim with the EEOC: (1) a claim "alleging retaliation by an employer against an employee for filing an EEOC charge," and (2) a claim where the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts*, 990 F.2d at 1402–03.

Nevertheless, the relationship between a retaliation claim in an EEOC complaint and a subsequently-articulated gender discrimination claim is not one based on a *per se* rule. It is instead one intimately connected to the facts asserted in the EEOC complaint. In each of *Little*, *Gilani*, and *Walsh*, the district court came to its conclusion only after closely examining the allegations made in the underlying complaint. *See Little*, 210 F.Supp.2d at 375 ("There are no descriptions of racial harassment or racial discrimination and, in fact, no mention of race at all [in the plaintiff's complaint to the New York Division of Human Rights].... Because the facts included in [plaintiff's] [c]harge would not lead to an investigation into possible race discrimination and racial harassment, [he] has failed to exhaust his administrative remedies with respect to these claims."); *Gilani*, 1997 WL 473383 at *5 ("The Court cannot assume that the EEOC would initiate an investigation of the general and conclusory race discrimination and harassment claims alleged in Gilani's complaint."); *Walsh*, 921 F.Supp. at 172 ("Even after considering the language in the EEOC charge as liberally as possible, it is not reasonable to conclude that it would prompt an investigation of the plaintiff's earlier [sexual harassment] complaints about [a co-worker].").

■ This case is an instance of the opposite factual circumstance: the allegations in Williams's EEOC claim *are* sufficient to have put the EEOC on notice of a potential sex discrimination claim that is "reasonably related" to her retaliation claim, even though on her EEOC Charge of Discrimination there was no check in the box marked "Sex." In her complaint, Williams claimed that an alleged sexual harasser was reinstalled as her boss; she was the only woman in her station; she had previously alleged gender discrimination in state court; she was given an "impossible" assignment never given to men;

and she was deprived of private changing facilities and given no option but to "change in the boiler room with [her] male co-workers."

Acknowledging, as did the learned district court in *Gilani*, that retaliation and discrimination represent "very different theories of liability," 1997 WL 473383 at *5, we conclude that these specific factual allegations put the EEOC on notice that, in addition to a retaliation claim, a gender discrimination claim may also exist. For that reason, because the factual underpinnings of a gender discrimination claim were presented in the complaint made to the EEOC, it was error to dismiss Williams's claim for failure to exhaust her administrative remedies. We note, however, that this is merely an application of circuit precedent, particularly *Deravin*, to a unique set of facts. Exhaustion is still a crucial component of Title VII cases, and we emphasize that our holding today in no way undermines that requirement.

■ Williams also challenges the district court's conclusion that her complaint did not make out a *prima facie* case for retaliation. The district court reviewed those allegations against the standard set forth in *McDonnell Douglas*, found her pleadings lacking, and dismissed the allegations for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The Supreme Court has held, however, that "the requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Leibowitz v. Cornell University*, 445 F.3d 586, 591–92 (2d Cir.2006) (applying *Swierkiewicz*). In *Swierkiewicz*, the Court held that at the pleading stage in an employment discrimination action a plaintiff must only meet the

**72**

standard set forth in Fed.R.Civ.P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992. Under this standard, "[g]iven the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. 992 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The *Swierkiewicz* holding applies with equal force to any claim, including retaliation claims like Williams's, that the *McDonnell Douglas* framework covers. *See Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1062 (9th Cir.2004); *see also Jetter v. Knothe Corp.,* 324 F.3d 73, 75 (2d Cir.2003) (noting that an ADEA discrimination claim and a retaliation claim are treated the same under *McDonnell Douglas* ). Accordingly, because Williams's claims against the NYCHA that were exhausted administratively were sufficient under Fed.R.Civ.P. 8(a) to state both a claim for gender discrimination and a claim for retaliation, they should not have been dismissed on a Rule 12(b)(6) motion.

Accordingly, we hereby Affirm the judgment of the district court in part, as it relates to dismissal of claims based on the time-barred conduct and dismissal of all claims against the Union; and we Vacate and Remand in part, as it relates to dismissal of Williams's remaining gender discrimination and retaliation claims.