Christopher R. HAWKINS,
Plaintiff–Appellant,

v.

WEGMANS FOOD MARKET, INC.,
Defendant–Appellee.

No. 06–5691–cv.

United States Court of Appeals,
Second Circuit.

May 21, 2007.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

Christopher R. Hawkins, pro se, Henrietta, NY, for Appellant.

Robert C. Weissflach, Harter, Secrest, & Emery LLP, Buffalo, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, and Circuit Judges.

### SUMMARY ORDER

Hawkins, *pro se,* appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, J.), following the district court's grant of summary judgment to Wegmans. We assume the parties' familiarity with the underlying facts.

Hawkins has filed three documents in support of his appeal. The first is attached to Hawkins's notice of appeal and specifically challenges the district court's grant of summary judgment on his Americans with Disabilities Act ("ADA") claim. Hawkins argues that he is a legally disabled person under federal law and that Wegmans did not give him a chance to cross-train in a different department. In addition, Hawkins moves for appointment of counsel. In the second filing, labeled as his appellate brief, Hawkins requests that this Court overturn the district court's decision in its entirety, but does not raise any specific arguments regarding his claims. Hawkins also renews his request for appointment of counsel. In the third filing, Hawkins does not address his pending appeal, but complains about his neighbor being mistreated.

As a preliminary matter, contrary to Wegmans's assertion that all of Hawkins's claims have been waived, his three filings are liberally construed to challenge the entirety of the district court's decision. Such a construction serves the interests of justice, given that the record shows that Hawkins suffers from a learning disability and that his written filings at the Equal Employment Opportunity Commission ("EEOC"), the New York State Department of Labor, the district court, and this Court have been inconsistent and demonstrate some lack of comprehension of the proceedings. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir.2006) (per curiam) (noting that this Court will make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training" (internal quotation marks omitted)).

In his filing with the EEOC, Hawkins alleged discrimination on the basis of sex, disability, and retaliation for having complained about discrimination; Hawkins did not allege discrimination with respect to either race or age. As Hawkins's conclusory allegations about his termination on the basis of his gender and learning disability would not alert the EEOC to investigate charges of race and age discrimination as well, it cannot be said that the allegations of race and age discrimination are reasonably related to the claims in Hawkins's EEOC filing; thus, these claims remain unexhausted, and, accordingly, should have been dismissed by the district court. *See Williams v. New York City Hous. Auth.,* 458 F.3d 67, 70 (2d Cir.2006).

Hawkins has not made a *prima facie* case of unlawful discrimination on either sex or disability. Hawkins alleges that Wegmans discriminated against him on the basis of his sex when it allegedly accused him of sexual harassment, based on his inappropriate statements to a female co-worker. However, the uncontradicted

summary judgment evidence shows that after Hawkins left a handwritten note for a female employee asking her to call him, Wegmans's management met with Hawkins to review the non-harassment policy. Hawkins did not perform his job satisfactorily, nor did he suffer an adverse employment action based on this incident; Wegmans terminated Hawkins based on a well-documented history of violations of employee policies. Thus, based on Hawkins's failure to establish a *prima facie* case of sex discrimination, the district court properly granted summary judgment to Wegmans. *See McGuinness v. Lincoln Hall,* 263 F.3d 49, 53 (2d Cir.2001). With respect to Hawkins's claim under the ADA, the district court correctly concluded that Hawkins did not make a *prima facie* case of discrimination. Similarly, Hawkins has not provided any evidence that he complained of unlawful discrimination, and, thus, has not made a *prima facie* case of retaliation. *See generally Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 205–06 (2d Cir.2006).

As Hawkins's claims are either unexhausted or without merit, his motion for appointment of counsel is denied. *See* 42 U.S.C. § 2000e–5 (f)(1); *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172–74 (2d Cir. 1989) (per curiam).

Accordingly, there is no basis on which to challenge the judgment of the district court.

For these reasons, the district court's judgment is AFFIRMED.