**Yvonne SHAN, Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Defendant–Appellee.**

**No. 07–4746–cv.**

United States Court of Appeals, Second Circuit.

March 19, 2009.

Yvonne Shan, Brooklyn, NY, pro se, Plaintiff–Appellant.

Sharyn Michele Rootenberg, Assistant Corporation Counsel of the City of New York (Michael A. Cardozo, Corporation Counsel, Larry A. Sonnenshein, Assistant Corporation Counsel, on the brief), New York, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LEONARD B. SAND,[1] District Judge.

### *SUMMARY ORDER*

Plaintiff–Appellant Yvonne Shan, *pro se,* appeals from the September 20, 2007, 2007 WL 2746891, judgment of the United States District Court for the Southern District of New York (Griesa, J.) dismissing her employment discrimination complaint. We assume the parties' familiarity with the underlying facts and procedural history of

---

**1.** The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

the case, as well as with the issues presented on appeal.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law," Fed. R.Civ.P. 56(c), *i.e.,* "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Before an individual may bring a Title VII suit in federal court, the claimant must file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct and receive a "Notice of Right to Sue" letter from the EEOC. *Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 69 (2d Cir.2006). Here, Shan filed her charge with the New York State Division of Human Rights ("SDHR") on June 20, 2003, and thus her failure to promote claim was untimely because it accrued more than 300 days earlier, or before August 24, 2002.

Once a plaintiff alleges a *prima facie* case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. *See Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 63 (2d Cir.1997); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation. *See McDonnell Douglas,* 411 U.S. at 804–05,

93 S.Ct. 1817. Here, the district court properly granted New York City Department of Health and Mental Hygiene's ("DOH") motion for summary judgment with respect to Shan's termination claim. Shan was terminated as part of a nondiscriminatory reduction in force that was mandated by the mayor's direction to cut DOH's budget, and she did not provide evidence that DOH's legitimate, nondiscriminatory reasons—that provisional positions were eliminated and her performance record was below expected standards—were pretextual.

In order to make out a hostile work environment claim, a plaintiff must demonstrate: "(1) that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile work environment to the employer." *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 715 (2d Cir.1996) (internal quotation marks omitted). Here, the district court properly concluded that Shan had not produced evidence linking any claims of unfair treatment to her race.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff is required to show that: (1) she participated in a protected activity, (2) the defendant knew of the protected activity; (3) she experienced an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *See Terry v. Ashcroft,* 336 F.3d 128, 140–41 (2d Cir. 2003). Here, the district court properly found that Shan had failed to establish a *prima facie* case of retaliation, as she had not alleged or demonstrated that she was engaged in any protected activity, other than the filing of her SDHR complaint after she was terminated.

Finally, with respect to Shan's state law claim of defamation, the district court properly dismissed that claim for Shan's failure to comply with the notice provisions prior to filing her federal lawsuit. *See* N.Y. Gen. Mun. Law § 50–e; *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.1999).

For the foregoing reasons, we AFFIRM the judgment of the district court.