10-4333-cv
Hoffman v. Williamsville School District

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of October, two thousand eleven.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -x

LINDA MAHER HOFFMAN,
                <u>Plaintiff-Appellant</u>,

        -v.-                                10-4333-cv

WILLIAMSVILLE SCHOOL DISTRICT,
                <u>Defendant-Appellee</u>,

ELVIN SIMMONS, as Aider and Abettor,
                <u>Defendant</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        LINDY KORN, CHARLES L. MILLER, II,
                                Law Office of Lindy Korn, Buffalo,
                                New York.

FOR DEFENDANT-APPELLEE:         SCOTT D. PIPER, Harris Beach PLLC,
                                Pittsford, New York.

        Appeal from the United States District Court for the Western District of New York (Curtin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Linda Maher Hoffman appeals from the district court's September 24, 2010, judgment dismissing her complaint pursuant to Fed. R. Civ. P. 12(b)(6). Judgment was entered after the district court filed a written decision on September 23, 2010, granting the motion of defendant-appellee Williamsville School District (the "District") to dismiss. We assume the parties' familiarity with the facts and procedural history.

We review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) <u>de novo</u>, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). After reviewing the record, we conclude, for substantially the reasons set forth by the district court, that Hoffman's claims were properly dismissed.

Hoffman's complaint below (the "Complaint") asserted four claims: 1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); 2) hostile work environment in violation of Title VII; 3) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 (the "ADA"); and 4) retaliation in violation of Title VII. Hoffman asserts that the district court erred in dismissing all four claims.

-2-

### 1.  **<u>Title VII Gender Claims</u>**

The first and second causes of action -- asserting gender discrimination and hostile work environment -- are based on the same factual allegations, and thus we discuss them together.

The district court correctly dismissed the two claims. First, the claims were untimely.  To be timely, plaintiff's administrative charge should have been filed within 300 days of the alleged discriminatory conduct.  42 U.S.C. § 2000e-5(e)(1). "Thus, only events that occurred during the 300-day period prior to filing . . . are actionable under Title VII."  <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 712 (2d Cir. 1996).  Here, as Hoffman's charge (the "Charge") was filed with the New York State Division of Human Rights and the Equal Employment Opportunity Commission (the "EEOC") on November 21, 2008, the district court correctly concluded that the 300-day window commenced on January 27, 2008.  The Complaint, however, does not allege any discriminatory conduct by the District within the 300-day period.[1]  While the Charge alleges conduct "through April 2008" and in September 2008, these allegations were not included in the Complaint.

---

[1]  There are references to two conversations between defendant Elvin Simmons and Hoffman in 2008, but one conversation is alleged to have occurred on January 11, 2008, plainly prior to the limitations period, and the other is not claimed to have occurred on any specific date during the alleged period of "January through February 2008," a good part of which was prior to the limitations period.  In any event, in neither conversation is Simmons alleged to have engaged in gender-based discriminatory conduct.

Second, the claims were not exhausted. Before filing a Title VII claim in federal court, a plaintiff must exhaust all available administrative remedies. See Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge. See Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (per curiam). A new allegation will be considered reasonably related if the administrative charge provided the EEOC with sufficient notice to investigate the allegation. Id. Here, the Complaint alleges a pattern of arguably gender-based conduct ranging from the 1999-2000 school year through January 11, 2008, but none of this conduct was alleged in the Charge. Although the Charge also alleged that Simmons "[o]n many occasions" came up behind Hoffman and put his hands on her shoulders in an "inappropriate manner," the Charge did not allege that that conduct occurred after January 27, 2008, and Hoffman has not argued on appeal that her Title VII claims are "reasonably related" to the allegations in her administrative charge. Rather, the conduct that the Charge alleged was continued 'through April 2008' was Simmons' pressuring Hoffman about the District's investigation into his conduct. Because the Charge cannot reasonably be read to include allegations of gender discrimination, the Charge failed to provide the EEOC with sufficient notice to investigate the gender-based conduct now asserted in the Complaint. Accordingly, Hoffman's gender discrimination and hostile work environment claims were untimely and unexhausted and therefore were properly dismissed.

-4-

### 2. **ADA Claim**

The district court properly dismissed Hoffman's ADA claim for untimeliness and failure to exhaust. As with Title VII claims, plaintiffs asserting ADA claims must exhaust all available administrative remedies, see, e.g., J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ., 278 F.3d 119, 124 (2d Cir. 2002), and must file an EEOC charge within 300 days of the alleged discriminatory conduct if they have instituted proceedings with a state or local agency, see, e.g., Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999).

First, the Complaint fails to allege a violation of the ADA that falls within the 300-day window. Any challenge to the denial of her request for ADA accommodation in 2005 was time-barred by the time Hoffman filed her administrative charge in 2008. The ADA claim is therefore untimely.

In addition, nothing in the Charge provided the EEOC sufficient notice to investigate Hoffman's allegation that she requested and was refused a reasonable accommodation for an alleged disability in 2005, so the allegation is not reasonably related to the Charge. Hoffman's ADA claim was therefore also properly dismissed as unexhausted.

### 3. **Title VII Retaliation Claim**

Finally, the district court properly dismissed Hoffman's retaliation claim as unexhausted. The Charge did not include a claim of retaliation nor did it contain allegations that Hoffman had engaged in the sort of "protected participation or opposition" necessary to trigger a Title VII retaliation claim. See Sumner v. U.S. Postal Serv., 899 F.2d 203, 208-09 (2d

Cir. 1990) (holding protected activities include "the filing of formal charges . . . as well [as] informal protests of discriminatory employment practices"). We agree with the district court that the claim of retaliation is not reasonably related to the allegations in the Charge because nothing in the Charge provided the EEOC adequate notice to investigate possible retaliation. Hoffman's retaliation claim therefore was not exhausted and was properly dismissed.

We have considered Hoffman's other arguments and conclude they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK