12-1008-cv
*Farren v. Shaw Environmental, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

------------------------------------------------

ANN FARREN, as Administratrix of the Estate of KENNETH FARREN,

> *Plaintiff-Appellant,*

v.                                                          No. 12-1008-cv

SHAW ENVIRONMENTAL, INC.,

> *Defendant-Appellee.*

------------------------------------------------

**FOR PLAINTIFF-APPELLANT:**          SHAWN W. CAREY, The Carey Firm, LLC, Grand Island, NY.

**FOR DEFENDANT-APPELLEE:**          MARGARET A. CLEMENS (Trent M. Sutton, *on the brief*), Littler Mendelson, P.C., Rochester, NY.


      Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).


      **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


      Plaintiff-appellant Ann Farren ("the plaintiff") brings this employment-discrimination suit on behalf of her late husband Kenneth Farren ("Farren") based on the alleged harassment and discrimination that he suffered while working as a foreman for defendant-appellee Shaw Environmental, Inc. ("Shaw"). As relevant to this appeal, the plaintiff alleges that Shaw managers refused, because of Farren's sex, to respond to his complaints of sexual harassment in the workplace, thus violating the ban against disparate treatment on the basis of sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1]

      In a decision and order dated February 10, 2012, the District Court granted summary judgment to Shaw on two grounds with respect to the plaintiff's disparate-treatment claim. First, the Court concluded that the claim is barred because the plaintiff failed to exhaust available administrative remedies by not bringing the disparate-treatment claim before the New York State Division of Human Rights ("DHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). *See Farren v. Shaw Envtl., Inc.,* 852 F. Supp. 2d 352, 360–61 (W.D.N.Y. 2012). Second, the Court concluded that the plaintiff failed to establish a prima facie cause of disparate treatment because she had "offer[ed] no evidence of similarly situated female employees whose complaints resulted in more decisive action than that afforded by [Shaw] to Farren's complaint." *Id.* at 360.

      The plaintiff now appeals the District Court's grant of summary judgment with respect to the disparate-treatment claim. We assume the parties' familiarity with the facts and procedural history of this case.

---

[1] In her amended complaint, the plaintiff brought three claims under Title VII, alleging that Shaw (1) created a hostile work environment by condoning the workplace sexual harassment suffered by Farren; (2) engaged in disparate treatment on the basis of sex by refusing to respond to Farren's complaints because of his sex; and (3) unlawfully retaliated against Farren because of his complaints. The complaint also included analogous state-law claims under the New York State Human Rights Law. The plaintiff abandoned her state-law claims in the court below, *see Farren,* 852 F. Supp. 2d at 357, and on appeal she now abandons all but the disparate-treatment claim, *see* Appellant's Br. at 12. Arguments not raised on appeal are waived, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005), and therefore we consider only Farren's disparate-treatment claim under Title VII.

**DISCUSSION**

We review an award of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotation marks omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists "if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)).

For substantially the reasons stated in the District Court's well-reasoned opinion, we conclude that Farren failed to exhaust the disparate-treatment claim in the relevant administrative proceedings before the DHR and EEOC. We now briefly summarize our reasoning.

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5). Consequently, "[e]xhaustion is ordinarily an essential element of a Title VII claim." *Id.* at 70 (internal quotation marks omitted). "Claims not raised in an EEOC complaint, however, may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Id.* (quoting *Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)). We have explained the meaning of "reasonably related" as follows:

> Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering, we have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."

*Butts*, 990 F.2d at 1402 (quoting *Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 107 n.10 (2d Cir. 1978)). "In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving," and "[t]he central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." *Williams*, 458 F.3d at 70 (alteration and internal quotation marks omitted).

3

Farren's complaint to the DHR and EEOC did allege one variant of sex discrimination—namely, that the sexual harassment he experienced at work was so pervasive as to create a hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (holding that, pursuant to regulations of the EEOC, pervasive sexual harassment by coworkers can give rise to a Title VII sex-discrimination claim); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998) (holding that pervasive sexual harassment by a coworker of the same sex can give rise to a Title VII sex-discrimination claim).

The facts alleged in Farren's administrative complaint to the DHR and EEOC, however, do not reveal any suggestion of intentionally discriminatory treatment by Shaw's managers on account of Farren's sex, and therefore the complaint did not provide those agencies with adequate notice of the disparate-treatment claim. In other words, Farren's administrative complaint discusses the sexual nature of the alleged workplace threats in the course of making a hostile-work-environment claim, but it does not state or suggest that Shaw's managers responded to Farren's claims differently because of his sex. Rather, the complaint simply states that Shaw "took no action to correct the situation." Joint App'x at 64–65. The DHR and EEOC therefore reasonably viewed Farren's complaint as alleging sexual harassment by Farren's coworker and an insufficient response by Shaw managers—not disparate treatment by Shaw managers because of Farren's sex. In this context, the two types of sex-discrimination claims are sufficiently distinct, both factually and legally, such that Farren's failure to raise the disparate-treatment claim in his administrative complaint precludes our consideration of that claim here.

Because the disparate-treatment claim was not exhausted and the plaintiff has waived all other claims, we need not examine any other aspect of the District Court's opinion.

## CONCLUSION

Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4