14-268-cv
*Cetina v. Westchester County Department of Public Safety Services and Longworth, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fourteen.

PRESENT:   JOHN M. WALKER, JR.,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                              *Circuit Judges.*

---

LIEUTENANT HENRY CETINA,

                    *Plaintiff-Appellant,*

           -v.-                                      14-268-cv

GEORGE N. LONGWORTH, Police Commissioner/Sheriff,
JOSEPH J. YASINSKI, Deputy Commissioner, WESTCHESTER
COUNTY,

                    *Defendants-Appellees,*

1

WESTCHESTER COUNTY DEPARTMENT OF PUBLIC
SAFETY SERVICES,

*Defendant.*

---

FOR APPELLANT: KAREN S. BURSTEIN, Law Offices of Karen S. Burstein, New York, NY.

FOR APPELLEES: ADAM RODRIGUEZ, Senior Assistant County Attorney (Robert F. Meehan, *on the brief*), White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Henry Cetina appeals from a December 30, 2013 Memorandum and Order of the United States District Court for the Southern District of New York (Nelson S. Román, *J.*) dismissing his Third Amended Complaint ("TAC"). Cetina principally challenges the dismissal of the majority of his Title VII claims as untimely or non-actionable and his 42 U.S.C. § 1983 and 42 U.S.C. § 1981 claims as failing to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

A Title VII employment discrimination claim must be filed with the Equal Employment Opportunity Commission ("EEOC") or New York State Division of Human Rights ("SDHR") within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e. Cetina filed his claim with the appropriate agencies on March 7, 2011. Accordingly, Cetina's claims are timely so long as the challenged conduct occurred within 300 days before this date. *See Annis v. County of Westchester*, 136 F.3d 239, 246 (2d Cir. 1998).

Cetina argues that the statutory period for his failure to promote claim should not begin to run until August 2010, when the Westchester County Department of Public Safety ("DPS") officially announced that another individual received a promotion that Cetina had sought. However, this Court has held that the limitations period begins to run when the plaintiff receives notice of the adverse action. *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir. 1985); *see also Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). Because Cetina received notice of this promotion prior to August 2010—in February 2010— the official announcement does not control the start of the 300–day period. Accordingly, the district court properly dismissed Cetina's Title VII failure to promote claim. The district court

also properly dismissed Cetina's denial of training and assignments claim, and his harassment claim as untimely.

Cetina alternatively contends that his hostile work environment claim is timely because the facts underlying it constitute a "continuing violation." But this Court has explained that "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993). Cetina admits that the acts themselves are time barred, but argues that the resulting investigation into them is part of a continuing violation. However, the actions Cetina identifies and the investigation that followed are discrete acts that do not create a continuing violation. *See Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004).

As to Cetina's disparate impact claim, it is also time barred as to Cetina's reliance on acts that did not occur within 300 days of his SDHR filing. To the extent that Cetina hinges his disparate impact claim on the August 2010 overtime decision, he fails to allege causation: Cetina argues only that part of the benefit of his job (overtime) was made available to all supervisors in the patrol division, instead of solely to him. Moreover, Cetina fails to make out a substantial or

4

statistically significant disparity in this change in policy. The district court correctly dismissed this claim.

Cetina also claims unlawful retaliation under Title VII from his filing of internal complaints with DPS. However, because Cetina did not raise these claims in his filing with the SDHR and the EEOC, the claims were not exhausted and were properly dismissed on this basis. *See Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (per curiam).

Cetina's *Monell* claim also fails. His operative complaint concedes in numerous places that Defendant Westchester County Department of Public Safety Services had an official policy at odds with the alleged policy that Cetina challenges. Moreover, Cetina fails to allege facts that, if true, would demonstrate the existence of a practice so persistent and widespread that it would establish, in effect, that the municipality was the "moving force" behind the activity. *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008). Accordingly, the district court correctly determined that "no facts" revealed or hinted at a pattern of discrimination through policy, custom, or practice.

In addition, Cetina brings a 42 U.S.C. § 1981 equal protection claim against Deputy Commissioner Yasinski, who informed Cetina in February 2010 that a

colleague would receive the promotion Cetina sought, and Commissioner Longworth, who was head of DPS at that time. To establish a § 1981 claim, plaintiffs must factually allege that: (1) plaintiffs are members of a racial minority; (2) defendants acted with intent to discriminate on the basis of race; and (3) the alleged discrimination involved one of the statute's enumerated activities. *Mian v. Donaldson*, *Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam).

Cetina fails to allege Defendants' intent to discriminate on the basis of race. As to Yasinski, the allegations amount to a description of a conversation with regard to another individual's promotion over Cetina and a statement that Yasinski confirmed Cetina's presence at a training session. The facts involved therein are insufficient make out a § 1981 claim. This same logic applies to the claim as to Commissioner Longworth, against whom Cetina alleges even less.

Lastly, the court properly dismissed Cetina's § 1981 retaliation claim brought against Longworth and Yasinski in their individual capacities. As discussed above, Cetina fails to sufficiently allege a causal connection between the alleged protected activity and subsequent challenged conduct, which he also

fails to link to Defendants.  Accordingly, the district court properly dismissed

Cetina's § 1981 retaliation claim against Yasinski and Longworth.

We have considered all of Cetina's remaining arguments and find them to

be without merit.  For the reasons stated above, the judgment of the district court

is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7