11-2721-cv
Massaro v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

Present:     AMALYA L. KEARSE,
             SUSAN L. CARNEY,
             J. CLIFFORD WALLACE,*
                                    *Circuit Judges.*

_____

YVONNE T. MASSARO,

                    *Plaintiff-Appellant,*

             -v-                                    No. 11-2721-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

                    *Defendant-Appellee.*

_____

Appearing for Appellant:     Stewart L. Karlin, The Law Offices of
                             Stewart Lee Karlin, P.C., New York, NY.

Appearing for Appellee:      Julian L. Kalkstein, Diana Lawless, *of counsel, for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

_____

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Swain, *Judge*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Yvonne T. Massaro appeals from the district court's 2011 award of summary judgment in favor of Defendant-Appellee New York City Department of Education ("DOE"), dismissing Massaro's claim under 42 U.S.C. § 1983 for alleged violations of her First and Fourteenth Amendment rights. Massaro, a public school teacher, alleged that defendant retaliated against her for engaging in protected speech—*i.e.*, complaining that she had contracted scabies from the "unsanitary" conditions in her classroom—by, *inter alia*, changing her schedule and cancelling one of her classes.  We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments raised on appeal, which we reference only as necessary to explain our decision.

A district court's summary judgment is subject to our *de novo* review. *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).  We affirm if, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

"To survive summary judgment on a First Amendment retaliation claim, a public employee must bring forth evidence showing that [s]he has engaged in protected First Amendment activity, [s]he suffered an adverse employment action,

2

and there was a causal connection between the protected activity and the adverse employment action." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted). To determine whether a plaintiff's speech is constitutionally protected, "a court must begin by asking 'whether the employee spoke as a citizen on a matter of public concern.'" *Sousa v. Roque*, 578 F.3d 164, 170 (2d Cir. 2009) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). "If the court determines that the plaintiff either did not speak as a citizen or did not speak on a matter of public concern, 'the employee has no First Amendment cause of action based on . . . her employer's reaction to the speech.'" *Id.* (quoting *Garcetti*, 547 U.S. at 418). Determining whether an employee spoke as an employee and not as a citizen is "largely a question of law for the court." *Jackler v. Byrne*, 658 F.3d 225, 237 (2d Cir. 2011).

Public employees speak as employees—and not as citizens—when they "make statements pursuant to their official duties." *Garcetti*, 547 U.S. at 421. "The objective inquiry into whether a public employee spoke 'pursuant to' . . . her official duties is 'a practical one.'" *Weintraub v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, 593 F.3d 196, 202 (2d Cir. 2010) (quoting *Garcetti*, 547 U.S. at 424). We have held that speech may be deemed "pursuant to" a public employee's official duties if it is "part-and-parcel of [her] concerns about [her] ability to properly execute [her] duties." *Id.* at 203 (internal quotation marks omitted). The "lack of a citizen analogue" to the form of the plaintiff's speech also "bear[s] on . . . whether the public employee is speaking as a citizen." *Id.* at 204; *see also id.* (noting that, unlike actions that are available equally to government employees and ordinary

citizens, "[t]he lodging of a union grievance is not a form or channel of discourse available to non-employee citizens").

Massaro works as an art teacher for the DOE at the Edward R. Murrow High School. In December 2005, Massaro informed school administrators that she had contracted scabies and that, in her opinion, the scabies was caused by the unsanitary conditions in her classroom. In connection with her scabies infection, Massaro submitted several documents to the DOE. These included a Comprehensive Injury Report, in which she claimed that she had been bitten by mites in her classroom; and an Accident Report, in which she described, among other things, her "unclean working environment," her expenses related to her scabies infection, and the school's alleged failure to clean her classroom or, alternatively, to transfer her to a different classroom. On several occasions between December 2005 and February 2006, Massaro also complained verbally to school administrators about these same matters.

The district court determined that Massaro's complaints regarding her health issues and the allegedly unsanitary conditions in her classroom did not constitute constitutionally protected speech. We agree. The district court's conclusion that Massaro spoke as an employee rather than a private citizen is supported by the facts that she aired her complaints only to several school administrators rather than to the public, and that most of those complaints were made in the context of internal safety and medical absence-related forms (at least one of which was marked "confidential"), "for which there is no relevant citizen analogue," *Weintraub*, 593 F.3d at 203. We further conclude, as did the district court, that Massaro's

4

complaints concerned her ability "to properly execute [her] duties" as a public school teacher, *id.* (internal quotation marks omitted), because they were aimed at resolving her health issues so that she could continue to teach, and ensuring that she had a safe and clean environment in which to work and that her use of sick days was appropriately credited. Accordingly, the undisputed evidence demonstrates that Massaro's statements to defendant were made pursuant to her official duties. We have no difficulty in concluding on this record that Massaro spoke as an employee—not as a private citizen.

Massaro's assertion that her job responsibilities did not expressly require her to report health hazards in her classroom does not persuade us otherwise. *See id.* ("[S]peech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer."). Although one can conceive of a setting in which a public school teacher's remarks on a potential health hazard at school are delivered in such a way as to constitute public comments on a matter of public concern that are delivered as a citizen, not an employee, this is not that case.

Further, as to the remaining elements required to prove a First Amendment retaliation claim, we discern from the record no basis from which a reasonable jury could find conduct that rises to the level of an "adverse employment action," *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226-27 (2d Cir. 2006) (to qualify as an "adverse employment action" the alleged act of retaliation must be "more than de minimis"). Nor is there evidence demonstrating a nexus between Massaro's speech and the purportedly adverse employment actions.

We have considered Massaro's remaining arguments and conclude that they are without merit.  The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk