18-2980-cv
*Massaro v. The Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of May, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

YVONNE MASSARO,

> *Plaintiff-Appellant,*

> v.                                                                     No. 18-2980-cv

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF EDUCATION,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: NATALIA KAPITONOVA, (Stewart Lee Karlin, *on the brief*), Stewart Lee Karlin Law Group, P.C., New York, NY

FOR DEFENDANTS-APPELLEES: JULIE STEINER, Asst. Corp. Counsel, (Richard P. Dearing, Scott Shorr, Asst. Corp. Counsel, *on the brief*), *for* Zachary W. Carter, Corp. Counsel of the City of New York, New York, NY

Appeal from a judgment of the District Court for the Southern District of New York (Lorna G. Schofield, District Judge), dismissing a complaint alleging age discrimination and retaliation.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is affirmed in part, reversed in part, and remanded.

Yvonne Massaro, a former public school teacher, appeals from a judgment of the District Court for the Southern District of New York (Lorna G. Schofield, District Judge) dismissing under Fed. R. Civ. P. 12(b)(6) her complaint against the New York City Department of Education ("DOE"). She alleged that school personnel violated the Age Discrimination in Employment Act ("ADEA") by discriminating against her on the basis of her age and retaliating against her for bringing an earlier age-discrimination lawsuit. The District Court ruled that Massaro had failed to exhaust her age-discrimination claim and that the allegedly retaliatory actions were not temporally proximate enough to the earlier lawsuit to permit an inference of a causal connection. We assume the parties' familiarity with the facts and procedures of this litigation and recount only matters necessary for disposition of this appeal.

On DOE's motion to dismiss, "all factual allegations in the complaint are accepted as true and all inferences are drawn in [Massaro's] favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

Massaro was a teacher at the Edward R. Murrow High School, a New York City public school, from 1993 until her retirement in 2016, teaching photography there starting in 2009. After her first suit against DOE was dismissed, *Massaro v. Department of Education of City of New York*, No. 08 CIV. 10678 LTS FM, 2011 WL 2207556 (S.D.N.Y. June 3, 2011), *aff'd*, 481 F. App'x 653 (2d Cir. 2012), she filed a second lawsuit against DOE on December 19, 2011 ("2011 lawsuit"), which is the suit underlying the retaliation claim at issue on this appeal.[1] The 2011 lawsuit, after amendment of the complaint, alleged, among other things, age discrimination and retaliation for filing the first lawsuit. A state court dismissed that second lawsuit, and the Appellate Division affirmed. *Massaro v. Department of Education of City of New York*, 993 N.Y.S.2d 905 (N.Y. App. Div., 1st Dep't 2014).

In the pending lawsuit, Massaro alleges that, beginning in 2012, while the 2011 lawsuit was pending, she was the subject of a campaign of harassment by the head of her school's fine arts program, and the school's new principal. She alleges the following conditions and actions to which she, but not other teachers, was subjected:

● her classes were overcrowded;

● she was assigned a disproportionately high number of students with serious behavioral and developmental problems;

● she was assigned to classrooms with no temperature control, which were excessively cold in winter and extremely hot in summer;

● beginning in 2014, she was assigned a teaching schedule of four consecutive one-hour classes, leaving her no time between periods to prepare for class or use the bathroom;

● two infractions were recorded in Massaro's file that were not attributable to her, and she was improperly deemed to have been "excessively absent" based on absences she incurred while she was serving on grand jury duty.

Massaro named several teachers who were not subjected to each of the negative conditions listed above, along with their ages, which ranged from late 20s to about 50.

---

[1] The District Court dates the initiation of the 2011 lawsuit to October 2011, but according to the state court docket it was filed in December. *See* Complaint, *Massaro v. Department of Education*, No. 0114214/2011 (N.Y. Sup. Ct. Dec. 19, 2011).

3

Massaro filed a charge of discrimination with the EEOC in August 2016. The EEOC charge consisted of a one-page completed form and a seven-page narrative addendum. On the form, Massaro checked a box indicating that her claim was based on "retaliation"; another box marked "age" was left blank.

In the pending action, removed to federal court, Massaro claims that she was subjected to age discrimination and that she was retaliated against for pursuing the 2011 lawsuit. The District Court granted DOE's motion to dismiss. *Massaro v. Department of Education of City of New York*, No. 17 CIV. 8191 (LGS), 2018 WL 4333989 (S.D.N.Y. Sept. 11, 2018). The District Court concluded that Massaro had failed to exhaust her age-discrimination claim because it was not asserted in the EEOC charge nor was it reasonably related to the allegations of retaliation that were asserted in the charge, including the addendum. *Id*. at *3. On the retaliation claim, the District Court concluded that Massaro was precluded by res judicata from claiming retaliation on the basis of any adverse actions that occurred prior to the dismissal of the 2011 lawsuit in May of 2013, and that the adverse actions alleged to have taken place after the dismissal were too temporally remote from the initiation of that lawsuit in 2011 to show a cognizable retaliatory motive. *Id*.

This Court conducts a *de novo* review of a dismissal for failure to state a claim. *See Littlejohn*, 795 F.3d at 306.

1. *Age discrimination*. In her EEOC charge, Massaro checked a box indicating that the alleged discrimination was based on "retaliation"; a separate box for indicating discrimination based on "age" was left blank. However, no party contends, and the District Court did not find, that this omission is dispositive. It is not. *See Williams v. New York City Housing Authority*, 458 F.3d 67, 70-71 (2d Cir. 2006). What Massaro relies on are the facts alleged in her addendum to the EEOC charge. However, the addendum makes no reference to age discrimination; it merely states Massaro's age. This did not give the EEOC adequate notice that Massaro had made a claim of age discrimination. *See Williams*, 458 F.3d at 70. Because Massaro failed to exhaust her age-discrimination claim, the District Court's ruling dismissing it is affirmed.

2. *Retaliation*. "[F]or a retaliation claim to survive a . . . motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against [her], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free School District*,

4

801 F.3d 72, 90 (2d Cir. 2015) (Title VII context).[2]  In deciding whether an allegation is plausible, "judges [are] to rely on their 'experience and common sense,' and to consider the context in which a claim is made."  *Irrera v. Humpherys*, 859 F.3d 196, 198 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). As with all retaliation claims, a plaintiff must show that adverse action was taken because of protected activity. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (retaliation claim under Americans With Disabilities Act) ("ADA").

An employee engages in protected activity that might give rise to a retaliation claim when she "participate[s] in any manner in . . . litigation under [the ADEA]."  29 U.S.C. § 623(d).

An adverse employment action, in the context of a retaliation claim, "is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'"  *Vega*, 801 F.3d at 90 (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006)).  "Context matters" in this analysis: something might be a "petty slight" to one person but "matter enormously" to another, such that it could "deter a reasonable employee from complaining about discrimination."  *Id.* (quoting *Burlington Northern*, 548 U.S. at 69).  "This . . . covers a broader range of conduct than does the adverse-action standard for claims of [substantive] discrimination," *id.*, which are limited to "discriminatory actions that affect the terms and conditions of employment," *id.* (quoting *Burlington Northern*, 548 U.S. at 64).

As for causation, a causal connection can be shown "indirectly, by showing that the protected activity was followed closely by discriminatory treatment."  *Littlejohn*, 795 F.3d at 319 (quoting *Gordon v. New York City Board of Education*, 232 F.3d 111, 117 (2d Cir. 2000)).

The District Court deemed Massaro's protected activity to have occurred only when her second lawsuit was filed in December 2011 and declined to consider any litigation events that occurred during the pendency of that lawsuit, prior to its dismissal in May 2013. However, this Court has previously measured the occurrence of a protected activity from mid-litigation events, such as notifications to appear for a deposition or as a witness. S*ee Richardson v. New York*

---

[2] ADEA claims are analyzed under the same framework as claims under Title VII and the ADA. *See Kopchik v. Town of East Fishkill, New York*, 759 F. App'x 31, 35 (2d Cir. 2018) (applying Title VII) (citing *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000)); *Palumbo v. St. Vincent's Medical Center*, 4 F. App'x 99, 102 (2d Cir. 2001) (applying ADA).

*State Department of Correctional Service*, 180 F.3d 426, 446-47 (2d Cir. 1999), *abrogated on other grounds by Burlington Northern*, 548 U.S. at 53; *Treglia v. Town of Manlius*, 313 F.3d 713, 720-21 (2d Cir. 2002) (in ADA context, specifically rejecting employer's argument that the protected activity occurred only upon employee's filing of administrative charges); *see also Infantolino v. Joint Industry Board of Electrical Industry*, 582 F. Supp.2d 351, 359 (E.D.N.Y. 2008).

As for retaliation, Massaro alleged several actions that "*could* well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega*, 801 F.3d at 91 (quoting *Burlington Northern*, 548 U.S. at 57) (emphasis in *Vega*). Although some of the conditions she complains of, considered individually, might reasonably be tolerated by many teachers, the allegation of their combination, alleged to have been imposed only on her, suffices to survive a motion to dismiss.

With respect to causation, the District Court erred in applying res judicata to preclude consideration of the adverse actions that occurred during the pendency of the 2011 lawsuit. "[W]hen the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (holding that res judicata does not bar employee's Title VII retaliatory discharge action) (internal quotation marks omitted).

Although DOE correctly notes that Massaro's EEOC charge sets August 2013 as the "earliest" "date[] discrimination to[ok] place," the three-month gap between May 2013, when the 2011 lawsuit was dismissed, and August 2013 would not preclude temporal proximity. In the context of a school calendar, judicial "experience and common sense," *Irrera*, 859 F.3d at 198 (quoting *Iqbal*, 556 U.S. at 679), permit the Court to recognize that May to August is summer break. In that context, it is plausible that August 2013, the start of a new semester, was the school personnel's earliest opportunity to retaliate against Massaro following the dismissal of her 2011 lawsuit.

Whether Massaro's allegations can survive a motion for summary judgment or a trial remains to be determined upon remand. We rule only that the retaliation allegations, taken together, are sufficiently plausible to survive a motion to dismiss.

Affirmed as to dismissal of age discrimination claim, reversed and remanded as to retaliation claim.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk